UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H.S., <br><br> Plaintiff, <br><br> -against- <br><br> HAMZA INAK, <br><br> Defendant. | **COMPLAINT** <br><br> No. 26-cv-872 |

Plaintiff H.S. ("Plaintiff"), by her attorneys VERIDAN LEGAL P.C., as and for her Complaint hereby alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.     Nonconsensual pornography – sometimes called revenge porn or image-based sexual abuse – is a crime and civil tort which occurs when a person shares a victim's intimate content with third parties without the victim's consent.  While the intimate content is typically consensually recorded, the nonconsensual aspect of the offense arises with the dissemination of the content: pictures and/or videos depicting certain private body parts and/or sexual acts.

2.     Though the term "revenge porn" evokes the notion of disgruntled former romantic partners inflicting pain on their exes in retaliation for ending a relationship, the phrase is a misnomer, as many laws have adapted to apply equally to all individuals who share such content without consent, regardless of whether the publisher has a personal vendetta against the individual depicted.

3. Accordingly, the troves of online predators who use and trade as currency naked photographs and videos of victims who have not provided consent are, with limited exceptions, breaking various city, state, and/or federal laws.

4. Image-based sexual abuse goes beyond the initial distributor (the former romantic partner or hacker) and includes secondary distributors who later further share the image or video. The actions of secondary distributors are equally as horrendous and oftentimes more damaging because their conduct enables content to "go viral" and, particularly when accompanied by threatening and abusive text, their actions escalate the harms suffered[1].

5. Defendant Hamza Inak ("Defendant" or "Inak") is a classic secondary distributor, personally unknown to or by Plaintiff, but nevertheless distributing her intimate content without her permission, in violation of applicable laws.

6. Plaintiff has never met, communicated with, or known Inak. In fact, Plaintiff was completely unaware Defendant had gained access to her intimate images until Defendant chose to put them online for the world to see.

7. As a result of Defendant's conduct, Plaintiff has been harmed. Accordingly, Plaintiff brings this action seeking injunctive, declaratory, and monetary relief against him for violations of federal privacy laws, 15 U.S.C. § 6851, Civil action relating to disclosure of intimate images, and the related state nonconsensual pornography statutes.

## **THE PARTIES**

8. Plaintiff is a citizen of the State of New York.

---

[1] See McGlynn, C. & Rackley, E. (2017). Image-Based Sexual Abuse. *Oxford Journal of Legal Studies,* (2017), pp. 1–28

9. Defendant Hamza Inak is a citizen of the County of Queens, State of New York, with an address at 5829 74th Street, Apt. 2, Middle Village, NY 11379.

10. Defendant is the owner of the Erome.com profile JJOHNSTON123 located at the url https://www.erome.com/JJOHNSTON123.

11. Defendant is the user of the Erome profile JJOHNSTON123 located at the url https://www.erome.com/JJOHNSTON123.

12. Defendant is the exclusive operator of the Erome profile JJOHNSTON123 located at the url https://www.erome.com/JJOHNSTON123.

13. Defendant is the exclusive owner, operator, and user of the Gmail account jjrockets16@gmail.com.

## FACTUAL ALLEGATIONS

**Background and the Subject Images**

14. Plaintiff stored several intimate and private images in a folder in her SnapChat account.

15. In 2022, Plaintiff learned that her account had been hacked, and the images were uploaded on several websites.

16. Since then, Plaintiff has spent hours, if not days, trying to clear the internet of her intimate images. Unfortunately, the images, thanks in part to the conduct of Defendant, continue to reappear online.

**Defendant Shares the Images Online**

17. On or about July 2, 2024, Plaintiff learned her image had been shared on the website EroMe by the account JJOHNSTON123.

18.     Defendant used the account to upload both original content and also to repost other content.

19.     For example, Defendant created albums entitled "Innocent Teen Turned Slut – Meakelena[,]" "Latina Teen BBW Slut Leak (Denise)" "BBW Desi Teen Slut – check bio for more of her" and "College Leak Marina M,:" and shared numerous obviously stolen and nonconsensually disseminated images in them.

20.     Defendant first uploaded Plaintiff's images onto EroMe on December 11, 2023. The album was entitled "Hot [Plaintiff's college] Slut Exposed ([Plaintiff's first and last name])." At the time of its removal it had been viewed 2,708 times and received 10 likes.

21.     Upon information and belief, the album was removed at the request of Plaintiff, who had discovered the content and flagged it to EroMe for being nonconsensual.

22.     Upon information and belief, EroMe notified Defendant that his album had been removed and provided him with its reason for removing it.

23.     After the first album was removed, Defendant uploaded it once again, this time substituting some of the letters in Plaintiff's name with symbols (i.e. using "@" as "a") so as to still identify Plaintiff to all those who saw the images and videos but make it less likely for Plaintiff to find and address the content using traditional search engines.

24.     Defendant's second album depicting Plaintiff was entitled "College Sorority Slut – [Plaintiff's name with symbols as certain letters]" and contained forty-four (44) images of Plaintiff and seven (7) videos.  Almost all of the images and videos are intimate in nature.

25.     Like the first album, the images shared by Defendant were uploaded without Plaintiff's consent, and clearly show Plaintiff's face as well as her intimate body parts.

4

26.     As of June 14, 2024, there were over 219,700 views of the album, while 575 people "liked" the album, and another 108 people reshared it.

27.     Defendant's decision to repost the album with Plaintiff's name altered so as to not appear in a search demonstrates his knowledge that Plaintiff did not want the content online and desire to "hide" his bad acts from her while continuing to share her images and videos with others, regardless of her lack of consent.

**Plaintiff Learns Defendant's Identity**

28.     Unwilling to allow Defendant to get away with his unlawful and abusive conduct, on July 2, 2024, Plaintiff requested from EroMe information relating to the account JJOHNSTON123.

29.     In response, EroMe sent a reply with, among other details, the following account information:

> username: JJohnston123
>
> email: jjrockets16@gmail.com
>
> created (UTC): 2023-11-08 04:44:59
>
> IP | Date (UTC):
> 207.237.67.224 | 2023-11-08 04:44:59
> 207.237.67.224 | 2023-11-09 02:56:20
> 207.237.67.224 | 2023-11-09 05:22:21
> 12.74.238.17 | 2023-11-11 23:10:13
> 166.199.98.65 | 2023-11-12 16:48:41
> 166.199.98.65 | 2023-11-12 20:15:16
> 166.199.98.65 | 2023-11-12 21:45:03
> 166.199.98.65 | 2023-11-12 22:14:42
> 166.199.98.65 | 2023-11-12 22:48:07
> 207.237.67.224 | 2023-11-12 23:08:27
> 207.237.67.224 | 2023-11-13 01:06:18
> 207.237.67.224 | 2023-11-13 01:51:19
> 207.237.67.224 | 2023-11-13 13:56:02
> 207.237.67.224 | 2023-11-13 14:23:40

207.237.67.224 | 2023-11-13 16:04:21
207.237.67.224 | 2023-11-13 18:48:12
207.237.67.224 | 2023-11-13 19:45:47
207.237.67.224 | 2023-11-13 20:38:28
207.237.67.224 | 2023-11-13 21:39:29
207.237.67.224 | 2023-11-13 21:43:06
207.237.67.224 | 2023-11-13 22:04:03
207.237.67.224 | 2023-11-13 23:21:37
207.237.67.224 | 2023-11-14 02:42:29
207.237.67.224 | 2023-11-14 13:55:24
207.237.67.224 | 2023-11-14 14:45:30
207.237.67.224 | 2023-11-14 15:44:49
207.237.67.224 | 2023-11-14 16:49:27
207.237.67.224 | 2023-11-14 18:41:51
207.237.67.224 | 2023-11-14 20:51:42
207.237.67.224 | 2023-11-14 21:30:25
207.237.67.224 | 2023-11-14 22:45:10
207.237.67.224 | 2023-11-15 01:36:39
207.237.67.224 | 2023-11-15 12:42:22
166.198.251.131 | 2023-11-15 14:59:36
166.198.251.131 | 2023-11-15 19:05:05
166.77.3.3 | 2023-11-15 21:03:30
166.198.251.131 | 2023-11-16 01:37:04
207.237.67.224 | 2023-11-16 12:46:01
166.198.251.19 | 2023-11-17 00:12:15
166.198.251.19 | 2023-11-17 03:11:55
207.237.67.224 | 2023-11-17 06:24:04
207.237.67.224 | 2023-11-17 06:30:53
207.237.67.224 | 2023-11-17 17:22:16
207.237.67.224 | 2023-11-17 18:50:00
207.237.67.224 | 2023-11-17 18:52:32
166.199.98.15 | 2023-11-18 21:56:46
166.199.98.15 | 2023-11-18 22:16:18
207.237.67.224 | 2023-11-20 00:51:22
207.237.67.224 | 2023-11-20 16:50:31
207.237.67.224 | 2023-11-20 18:36:54
207.237.67.224 | 2023-11-20 19:35:59
207.237.67.224 | 2023-11-20 21:51:44
166.199.98.48 | 2023-11-21 18:37:39
166.77.3.2 | 2023-11-21 22:46:38
166.199.98.48 | 2023-11-22 02:05:51
207.237.67.224 | 2023-11-23 15:36:26
207.237.67.224 | 2023-11-23 16:12:19
166.198.251.57 | 2023-11-24 18:14:15
166.198.251.57 | 2023-11-24 18:16:15
207.237.67.224 | 2023-11-24 22:37:54

```
207.237.67.224 | 2023-11-24 22:59:16
207.237.67.224 | 2023-11-25 14:17:00
166.199.98.86 | 2023-11-25 21:44:13
166.199.98.86 | 2023-11-25 22:42:29
207.237.67.224 | 2023-11-26 15:44:46
207.237.67.224 | 2023-11-26 21:15:16
207.237.67.224 | 2023-11-26 21:31:22
207.237.67.224 | 2023-11-27 14:36:24
207.237.67.224 | 2023-11-27 17:25:29
207.237.67.224 | 2023-11-27 20:12:13
12.74.238.137 | 2023-11-28 14:14:07
166.77.3.2 | 2023-11-28 15:38:59
166.77.3.2 | 2023-11-28 18:04:39
166.77.3.2 | 2023-11-28 20:08:20
166.77.3.2 | 2023-11-28 21:06:59
207.237.67.224 | 2023-11-29 03:07:35
166.199.98.73 | 2023-11-29 17:37:32
166.77.3.3 | 2023-11-29 19:44:41
166.199.98.36 | 2023-11-29 23:32:15
207.237.67.224 | 2023-12-19 04:04:50
207.237.67.224 | 2023-12-29 04:36:54
207.237.67.224 | 2023-12-30 03:36:28
207.237.67.224 | 2023-12-31 05:08:14
207.237.67.224 | 2023-12-31 23:30:20
207.237.67.224 | 2024-01-09 04:14:39
12.74.238.135 | 2024-01-14 22:54:53
207.237.67.224 | 2024-02-06 03:41:07
207.237.67.224 | 2024-02-14 03:06:16
207.237.67.224 | 2024-02-18 18:05:57
207.237.67.224 | 2024-03-01 02:04:40
207.237.67.224 | 2024-03-09 02:00:54
207.237.67.224 | 2024-03-14 00:53:47
207.237.67.224 | 2024-03-15 04:18:45
207.237.67.224 | 2024-03-16 19:55:02
207.237.67.224 | 2024-03-17 20:41:58
207.237.67.224 | 2024-03-18 22:35:18
207.237.67.224 | 2024-03-24 21:47:38
207.237.67.224 | 2024-04-18 03:01:47
103.87.154.162 | 2024-05-01 12:52:12
103.87.154.162 | 2024-05-01 13:46:44
103.87.154.162 | 2024-05-01 14:44:20
103.87.154.162 | 2024-05-02 13:07:27
103.87.154.162 | 2024-05-02 13:58:14
103.87.154.162 | 2024-05-02 15:40:00
103.87.154.162 | 2024-05-02 23:10:54
103.87.154.162 | 2024-05-03 12:35:58
```

103.87.154.162 | 2024-05-03 14:44:29
103.87.154.162 | 2024-05-03 15:34:25
103.87.154.162 | 2024-05-04 23:21:20
103.87.154.162 | 2024-05-04 23:24:07
103.87.154.162 | 2024-05-05 00:50:10
103.87.154.162 | 2024-05-05 14:12:40
103.87.154.162 | 2024-05-06 00:14:34
103.87.154.162 | 2024-05-06 00:21:40
103.87.154.162 | 2024-05-06 00:23:12
103.87.154.162 | 2024-05-06 02:03:18
36.64.26.180 | 2024-05-06 04:51:03
103.87.154.162 | 2024-05-06 09:18:27
182.3.44.72 | 2024-05-06 12:10:27
103.87.154.162 | 2024-05-06 15:53:11
182.3.45.48 | 2024-05-07 02:27:11
103.87.154.162 | 2024-05-07 09:24:19
182.2.166.192 | 2024-05-07 14:09:33
103.87.154.162 | 2024-05-07 18:00:06
103.87.154.162 | 2024-05-07 23:58:37
103.87.154.162 | 2024-05-08 05:30:56
103.94.10.105 | 2024-05-08 14:53:50
103.94.10.106 | 2024-05-08 16:28:40
182.2.147.217 | 2024-05-08 23:02:26
182.2.147.217 | 2024-05-08 23:16:39
103.94.10.107 | 2024-05-09 01:28:07
103.94.10.105 | 2024-05-09 10:32:58
103.94.10.105 | 2024-05-09 23:24:41
103.94.10.106 | 2024-05-10 09:08:14
103.94.10.106 | 2024-05-10 12:13:44
103.94.10.105 | 2024-05-10 16:26:01
103.94.10.107 | 2024-05-11 03:33:39
182.3.50.156 | 2024-05-11 04:40:05
182.3.50.156 | 2024-05-11 06:05:28
182.3.50.156 | 2024-05-11 06:16:31
182.3.50.156 | 2024-05-11 06:55:09
182.3.50.156 | 2024-05-11 13:57:57
182.3.37.136 | 2024-05-12 06:59:14
103.94.10.105 | 2024-05-12 08:42:40
182.2.133.56 | 2024-05-12 12:55:48
182.2.133.56 | 2024-05-12 13:01:08
103.94.10.107 | 2024-05-13 10:12:32
103.94.10.105 | 2024-05-13 16:09:14
207.237.67.224 | 2024-05-15 03:30:04
207.237.67.224 | 2024-05-15 03:41:37
207.237.67.224 | 2024-05-15 03:57:40
207.237.67.224 | 2024-05-15 04:04:45

```
207.237.67.224 | 2024-05-15 04:26:36
207.237.67.224 | 2024-05-15 06:08:49
207.237.67.224 | 2024-05-16 04:36:29
207.237.67.224 | 2024-05-17 04:16:55
207.237.67.224 | 2024-05-17 22:39:37
207.237.67.224 | 2024-05-18 05:49:26
207.237.67.224 | 2024-05-19 03:24:38
207.237.67.224 | 2024-05-21 00:02:21
166.194.188.30 | 2024-05-21 18:35:09
207.237.67.224 | 2024-05-22 04:03:39
207.237.67.224 | 2024-05-31 04:52:41
207.237.67.224 | 2024-06-10 05:34:48
207.237.67.224 | 2024-06-10 05:43:19
207.237.67.224 | 2024-06-11 01:49:45
207.237.67.224 | 2024-06-15 01:35:18
207.237.67.224 | 2024-06-16 02:10:05
207.237.67.224 | 2024-06-17 00:54:48
207.237.67.224 | 2024-06-18 01:25:49
207.237.67.224 | 2024-06-23 19:06:33
207.237.67.224 | 2024-06-26 03:27:18
```

30. Plaintiff identified one of the IP addresses as belonging to an RCN account and requested account information from RCN. RCN responded that the account belonged to:

> **Farhad Inak**
> **5829 74th St, Apt. 2**
> **Middle Village, NY 11379**
> **rhnf1nak@gmail.com**
> **347-624-0979**
> **718-275-0239**

31. Online searches reveal that Mr. Farhad Inak is Defendant Hamza Inak's father.

32. Plaintiff then learned that Defendant Hamza Inak graduated from Villanova, the same university she attended. This information provided helpful, if disturbing context for why Defendant had "hashtagged" reference to their shared school in the album he created of Plaintiff.

33. Armed with information provided by the website, cable company, and Google, Plaintiff is now confident she has identified Defendant as one of the responsible individuals.

9

## FIRST CAUSE OF ACTION
### (Violation of 15 USC § 6851)

34. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

35. Defendant disclosed Plaintiff's intimate images and videos online using his computer/phone.

36. Defendant did not obtain Plaintiff's consent to disclose the content online.

37. Defendant knew Plaintiff did not consent to the disclosure of the content online.

38. As a result of Defendant's conduct, Plaintiff has been damaged.

39. Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## SECOND CAUSE OF ACTION
### (Violation of New York City Administrative Code §10-180)

40. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

41. Inak disclosed the Plaintiff's intimate images and videos without her permission or consent.

42. The images and videos depict Plaintiff's breasts, exposed genitals, and/or anus.

43. Plaintiff is readily identifiable in the images and videos, which show her face, and through other information accompanying the images, including her name.

44. Defendant had no legitimate purpose for disseminating the content and only did so to cause Plaintiff substantial emotional, physical, and economic harm.

45. Although a criminal statute, the code provides for civil remedies:

   (a) Compensatory and punitive damages;
   (b) Injunctive and declaratory relief;
   (c) Attorneys' fees and costs; and
   (d) Such other relief as a court may deem appropriate.

46. As a result of Defendant's actions, the Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Inak from disseminating the images, and such other relief as the Court deems equitable and just.

## THIRD CAUSE OF ACTION
### (Violation of Civil Rights Law §52-b)

47. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

48. Plaintiff had a reasonable expectation that the images and videos, when taken, would remain private.

49. Plaintiff had no reason to believe that Defendant would gain possession of the content and post it online.

50. The images and videos disclosed by Defendant contained the exposed intimate parts of Plaintiff.

51. Inak disseminated and published Plaintiff's intimate images and videos without Plaintiff's permission or consent.

11

52. The images and videos were shared for the purpose of harassing, annoying or alarming the Plaintiff.

53. As a result of Defendant's actions, Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A. An award of damages against Defendant in an amount to be determined at trial, but not less than $150,000.00, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her emotional distress;

B. An injunction and order permanently restraining Defendant from disseminating Plaintiff's intimate images and videos without her permission or consent;

C. An award of punitive damages, and any applicable penalties and/or liquidated damages in an amount to be determined at trial;

D. Prejudgment interest on all amounts due;

E. An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

F. Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 2, 2026

          Respectfully submitted,

          **Veridan Legal P.C.**

          <u>*/s/ Daniel S. Szalkiewicz*</u>
          By:    Daniel S. Szalkiewicz, Esq.
                  Cali P. Madia, Esq.
          23 West 73rd Street, Suite 102
          New York, NY 10023
          Telephone: (212) 706-1007
          Facsimile: (646) 849-0033
          daniel@veridianlegal.com

          *Attorneys for Plaintiff*