Daniel S. Szalkiewicz, Esq.
VERIDIAN LEGAL P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Attorneys for the Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| H.S.,<br><br>      Plaintiff,<br><br> -against-<br><br>HAMZA INAK,<br><br>      Defendant. | Case No. 26-cv-00872 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT**
**OF HER MOTION TO PROCEED UNDER PSEUDONYM**

1

**Table of Contents**

**PRELIMINARY STATEMENT** ................................................................................................ 4

**FACTUAL BACKGROUND** ..................................................................................................... 5

**ARGUMENT** ............................................................................................................................... 5

## Table of Authorities

**Cases**

K.I. v Tyagi, 2024 US Dist LEXIS 15693, at *1 [D Md Jan. 30, 2024, No. 1:23-cv-02383-JRR])6

S.S. v Collins, 2023 US Dist LEXIS 128451, at *1 (DNJ July 24, 2023, Civil Action No. 23-00892-KMW-AMD]) ................................................................................................. 6

Sealed Plaintiff v Sealed Defendant #1, 537 F3d 185, 189 [2d Cir 2008] ..................................... 6


**Statutes**

15 U.S.C. § 6851(b)(3)(B) ................................................................................................ 5

Federal Rule of Civil Procedure ("FRCP") 10(a) ............................................................. 6

Plaintiff H.S. ("Plaintiff"), by and through her attorneys, VERIDIAN LEGAL P.C. respectfully submits this memorandum of law in support of her application for leave to proceed under a pseudonym in this matter.

## PRELIMINARY STATEMENT

In 2022, Plaintiff learned that her Snapchat had been accessed without her authorization and that someone had removed her intimate photographs and videos from her account and shared them online. For a period and after significant effort, Plaintiff believed she had successfully scrubbed the internet of her images. Unfortunately, after a couple years, Plaintiff realized that the content had been re-uploaded. Plaintiff brings this action against defendant HAMZA INAK ("Inak" or "Defendant") due to his dissemination of her intimate content online.

The parties never dated and Plaintiff has never provided Defendant with permission or consent to disseminate her content. Plaintiff has worked tirelessly to erase Defendant's postings and continues to combat third party posters to this day.

The stigma and severe harm that Plaintiff would face as a result of the public disclosure of her identity in conjunction with the traumatic and humiliating circumstances of the harassment require that Plaintiff be permitted to proceed anonymously. Simply put, if Plaintiff is required to reveal her name, Defendant would be able to continue to publicly harass Plaintiff and share her intimate media as well as her quest for removal, compounding the harm she has already felt. Worse yet, as identifying and personal information about depicted women is often viewed as a valuable commodity in these online forums, Plaintiff would only be handing Defendant valuable data which would lead to an even more popular, more damaging posting. Given the resulting lack of prejudice to Defendant, this Court should grant Plaintiff's motion.

**FACTUAL BACKGROUND**

For the sake of brevity, Plaintiff will not repeat the allegations of her Complaint; rather, she provides the following facts relevant to this application and respectfully directs the Court to her filed Complaint for a full recitation of her claims.

**ARGUMENT**

Initially, Plaintiff brings this action under 15 U.S.C. § 6851. The federal statute specifically allows for a plaintiff to proceed anonymously. Specifically, 15 U.S.C. § 6851(b)(3)(B) states "[i]n ordering relief under subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." Subparagraph (A) of the statute permits a court to issue a temporary restraining order to restrict the distribution of intimate media.

Since their enactment 15 U.S.C. § 6851, numerous federal courts have permitted Plaintiff to proceed under similar circumstances using their initials. See S.S. v Collins, 2023 US Dist LEXIS 128451, at *1 (DNJ July 24, 2023, Civil Action No. 23-00892-KMW-AMD]); see also K.I. v Tyagi, 2024 US Dist LEXIS 15693, at *1 [D Md Jan. 30, 2024, No. 1:23-cv-02383-JRR]).

Likewise, while Federal Rule of Civil Procedure ("FRCP") 10(a) "generally requires parties to a Likewise, while Federal Rule of Civil Procedure ("FRCP") 10(a) generally requires parties to a lawsuit to expressly identify themselves in their respective pleadings, New York courts "have nevertheless 'carved out a limited number of exceptions to the general requirement of disclosure [of the names of the parties], which permit plaintiffs to proceed anonymously" (Sealed Plaintiff v Sealed Defendant #1, 537 F3d 185, 189 [2d Cir 2008]). In Sealed Plaintiff,

5

the Second Court of Appeals endorsed the Ninth Circuit's balancing test, specifically stating that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs (1) prejudice to the opposing party and (2) the public's interest in knowing the party's identity." (Id.).  The Second Circuit Court of Appeals further elaborated that "several factors" should be considered, including the following "non-exhaustive" list:

> 1. whether the litigation involves matters that are 'highly sensitive and of a personal nature[;]'
> 2. whether identification poses a risk of retaliatory physical or mental harm to the…party [seeking to proceed anonymously] or even more critically, to innocent non-parties
> 3. whether identification presents other harms and the likely severity of those harms…including whether 'the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity,'
> 4. whether the plaintiff is particularly vulnerable to the possible harms of disclosure… particularly in light of his age…
> 5. whether the suit is challenging the actions of the government or that of private parties,
> 6. whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court…
> 7. whether the plaintiff's identity has thus far been kept confidential…
> 8. whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity…
> 9. 'whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities,'; and
> 10. whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.
>
> (Id. at 190, citations omitted).

There can be no doubt that these factors weigh in favor of allowing Plaintiff to proceed using her initials.

First, this litigation involves intimate imagery of Plaintiff, including intimate and sexually graphic content.  Plaintiff's intimate parts are visible in the images and some show her

6

engaging in sexual acts.  Other images taken from her Snapchat account were taken when she was a minor.  The images are highly sensitive and personal in nature.  Second, further dissemination of the content – which Defendant has already twice disseminated online without Plaintiff's permission or consent – and public linking of Plaintiff's name to Defendant's bad acts poses a mental harm to Plaintiff and is needlessly revictimizing.  Third, Defendant's goal was to expose and objectify Plaintiff; should Plaintiff be forced to proceed using her true name, this Court will only be assisting Defendant in reaching that goal.  Fourth, while Plaintiff is not currently underage, in some images she is, and she currently holds a professional license which may be impacted if Defendant uses this lawsuit as a means to harass her.  Fifth, the suit is challenging the private actions of Defendant and has no relation to government action.  Sixth, Defendant is aware of Plaintiff's true identity as he used her name when he shared her images online.  Seventh, this litigation was commenced by Plaintiff as "H.S[.]"  To date, Plaintiff's identity has been confidential.  Any public filing made by H.S. has used a pseudonym.  Plaintiff has not made any public statements regarding the embarrassment and harm caused by Defendant in her name. Plaintiff's name is not known to the public at large and she leads a private life.  Eighth, as both parties are private individuals, there is very little public interest in the litigation.  Ninth, the issues involved are legal in nature.  Tenth, Plaintiff is not aware of any other mechanism to protect her reputation and confidentiality.

      Plaintiff has spent years attempting to combat the spread of her images online herself, but actions such as those undertaken by Defendant have made it impossible.

      Plaintiff should be permitted to continue to use a pseudonym and, if this motion is granted, should be allowed to litigate with some comfort that Defendant will not post her intimate images or other identifying imagery or information onto the docket which would

undermine an order permitting her to proceed using a pseudonym.

Dated: January 20, 2026

                                                        Respectfully submitted

                                                        <u>Daniel S. Szalkiewicz, Esq.</u>
                                                        **Veridian Legal, P.C.**
                                                        Daniel S. Szalkiewicz, Esq.
                                                        23 West 73rd Street, Suite 102
                                                        New York, New York 10023
                                                        (212) 706-1007
                                                        daniel@veridianlegal.com
                                                        Attorneys for Plaintiff