UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H.S., <br><br> Plaintiff, <br><br> v. <br><br> HAMZA INAK, <br><br> Defendant. | No. 26-CV-872 (RA) <br><br> ORDER |

RONNIE ABRAMS, United States District Judge:

On February 2, 2026, Plaintiff commenced this action, claiming unlawful disclosure of intimate images, and simultaneously filed a motion to proceed under a pseudonym. Dkt. 2. Plaintiff also seeks an order that "any documents containing references to Plaintiff's actual name are to be redacted," and that "any documents attempting to publicly identify Plaintiff by photograph or video in an effort to undermine her ability to proceed pseudonymously are to be redacted." *Id.* Ex. 3.

In determining whether a plaintiff may proceed anonymously, "the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). A court should consider factors including whether the litigation involves matters that are "highly sensitive and of a personal nature," "whether identification poses other harms . . . including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," whether the defendant is prejudiced, whether any such prejudice "differs at any particular stage of the litigation," whether any such prejudice "can be mitigated by the district court," and the public interest. *Id.* at 190 (internal quotations and citations omitted).

Plaintiff has made a preliminary showing sufficient to permit the temporary filing of a complaint and the issuance of a summons under a pseudonym. This litigation involves matters "of

a highly sensitive and personal nature," namely "intimate and sexually graphic content" depicting Plaintiff. Dkt. 2 Ex. 2 ("Pl. Mot."), at 6–7. In certain of these images, Plaintiff alleges that she is underage, magnifying the potential harm. *Id.* Furthermore, the crux of this litigation concerns Defendant's alleged distribution of these images online, without Plaintiff's consent. Disclosing Plaintiff's identity, thereby linking Plaintiff's name to these images, clearly poses a harm that is similar to the injury being litigated against in this action.

Defendant, however, has not yet been served, and has a right to be heard. Moreover, the Court must take the interests of the public into account, and "the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000).

Accordingly, the motion to proceed under a pseudonym is granted on a temporary basis. The Complaint may be filed under a pseudonym for the time being, and Defendant shall respond to Plaintiff's motion within 30 days of service of the Complaint. Pending final resolution of the instant motion, Defendant shall redact any references to Plaintiff's name, or other identifying information, from any documents he intends to file, and file unredacted versions under seal. Defendant shall also, pending final resolution of the motion, redact any images or video of Plaintiff from any documents he intends to file, and file unredacted versions under seal.

The Clerk of Court is respectfully directed to issue a summons upon Plaintiff's request.

SO ORDERED.

Dated:    February 9, 2026
         New York, New York

                                                Ronnie Abrams
                                                United States District Judge