**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

H.S.,

                    Plaintiff,

          -against-

HAMZA INAK,

                    Defendant.

Index No.: 1:26-CV-00872

**ANSWER**

**JURY TRIAL DEMANDED**

Defendant Hamza Inak ("Defendant" or Mr. Inak), by his attorney, Igor Litvak, Esq., as and for his Answer to the Plaintiff's Complaint with affirmative defenses, responds, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1of the Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5.      Denies the allegations set forth in paragraph 5 of the Complaint that Defendant distributed Plaintiff's intimate content without her permission, in violation of applicable laws.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7.      Paragraph 7 of the Plaintiff's Complaint states a conclusion of law and does not require a response. To the extent that paragraph 7 asserts that the Plaintiff has been harmed by Defendant's conduct, Defendant denies those claims.

## THE PARTIES

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9.      Admits the allegations set forth in paragraph 9 of the Complaint that Defendant is a resident of the County of Queens, State of New York, and that his last known address is 5829 74 Street, Apt. 2, Middle Village, NY 11379.

10.     Admits being the owner of the EroMe.com account "JJOHNSTON123," previously located at the URL https://www.erome.com/JJOHNSTON123.

11.     Admits being the user of the EroMe.com account "JJOHNSTON123," previously located at the URL https://www.erome.com/JJOHNSTON123.

12.     Admits being the exclusive operator of the EroMe.com account "JJOHNSTON123," previously located at the URL https://www.erome.com/JJOHNSTON123.

13.     Admits being the exclusive owner, operator, and user of the Gmail account jjrockets16@gmail.com.

## FACTUAL ALLEGATIONS

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18.     Denies posting original content but admits to sometimes reposting content already posted by others on EroMe.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22.     Admits that EroMe removed some content and notified the Defendant that the content was removed, but, upon affirmation and belief, the reason given by EroMe was only that it violated some (never specified) terms and conditions.

23.     Admits that sometime later, some content was again uploaded by the Defendant on EroMe, but denies substituting some letters or symbols in the name of the Plaintiff so as to still identify the Plaintiff but make it less likely for the Plaintiff to find the address of the content using traditional search engines.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.     Denies allegations set forth in paragraph 27 of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint contained therein.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint.

## FIRST CAUSE OF ACTION
### (Violation of 15 USC § 6851)

34.     As Plaintiff reiterates the same allegations as stated in paragraphs 1 through 33, Defendant provided the same answers as stated above in respective paragraphs.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36.     Denies allegations set forth in paragraph 36.

37.     Denies allegations set forth in paragraph 37.

38.     Denies allegations set forth in paragraph 38.

39.     Denies allegations set forth in paragraph 39 of the Complaint and denies that Plaintiff is entitled to any relief in this action.

## SECOND CAUSE OF ACTION
### (Violation of New York City Administrative Code §10-180)

40.     As Plaintiff reiterates the same allegations as stated in paragraphs 1 through 39, Defendant provided the same answers as stated above in respective paragraphs.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

44.     Denies allegations set forth in paragraph 44.

45.     Paragraph 45 of the Plaintiff's Complaint states a conclusion of law and does not require a response. To the extent paragraph 45 may be read to make allegations of facts concerning the Defendant, those allegations are denied.

46.     Denies allegations set forth in paragraph 46 of the Complaint and denies that Plaintiff is entitled to any relief in this action.

### THIRD CAUSE OF ACTION
### (Violation of Civil Rights Law §52-b)

47.     As Plaintiff reiterates the same allegations as stated in paragraphs 1 through 46, Defendant provided the same answers as stated above in respective paragraphs.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint.

52.     Denies allegations set forth in paragraph 52 of the Complaint.

53.     Denies allegations set forth in paragraph 53 of the Complaint and denies that Plaintiff is entitled to any relief in this action.

## PRAYER FOR RELIEF

Defendant denies each and every allegation set forth in the "WHEREFORE" clause of the Complaint, including its subparts, and denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

54.    In addition, Defendant alleges the following affirmative defenses with respect to all of Plaintiff's claims and causes of action:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

55.    Plaintiff has failed to state a cause of action on which relief can be granted against the answering Defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

56.     Plaintiff failed to mitigate some or all of the damages claimed.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

57.    Plaintiffs have suffered no damages or pecuniary loss attributable to actionable conduct by Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

58.    Any damages Plaintiff allegedly sustained resulted from Plaintiff's own conduct, or that of third parties and was not the proximate result of any act or omission by Defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

59.    Defendant acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by him at the time that they acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

60.    Plaintiff's claims are barred in whole or in part by the doctrine of laches, estoppel, delay, acquiescence, unclean hands, bad faith, and/or waiver.

## <u>AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE</u>

61.     Defendant hereby gives notice that he intends to rely upon other affirmative defenses that may become available or appear during discovery proceedings in this case and hereby reserves his rights to amend his Answer to assert such defenses.

## <u>PRAYER</u>

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

Dismissing the Complaint with prejudice, entering a judgment in favor of Defendant, and;

Awarding Defendant costs of suit incurred in defense of this action, including its reasonable attorneys' fees; and such further and other relief as the Court may deem just and proper.

Dated: April 1st, 2026

    /s/ Igor Litvak
Igor Litvak, Esq.
The Litvak Law Firm , PLLC
1733 Sheepshead Bay Road, Suite 22
Brooklyn, NY 11235
718-989-2908
Igor@LitvakLawNY.com
Attorneys for Defendant HAMZA INAK,

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 1, 2026, I filed the foregoing with the Clerk of the Court by CM/ECF System, which will send notification of such filing to the appropriate parties, including:

Daniel Szalkiewics, Esq.
Attorney for the Plaintiff
23 West 73rd Street, Suite 22
New York, NY 10023
Tel: (212) 706-1007
Fax: (646) 849-0033
Email: Daniel@lawdss.com

/s/ Igor Litvak

_____
Igor Litvak, Esq.